## Y. L. McNEIL v. CHILDRESS & FOLTS.

In 1866, the plaintiffs sued the defendant, alleging that, on the 30th of March, 1863, they had loaned him $21,000 in Confederate treasury notes, of the value of $2500 in lawful money; and that they had, at the same date, sold to him certain designated quantities of bagging and rope, worth $4300 in Confederate notes, then current and of the value of $2150 lawful money. At a subsequent term, the plaintiffs amended and ignored the Confederate note features of their original petition, but alleged that on the first of March, 1863, they had sold to the defendant the same quantities of bagging and rope, worth $2150 lawful money. No notice of this amendment was given to the defendant, and judgment against him was taken by default. *Held*, on error, that the original petition set up a cause of action on which no suit can be maintained; and that the amendment set up a new cause of action, on which it was error to render judgment by default without service of copy or citation.

ERROR from Harris. Tried below before the Hon. George R. Scott.

The head-note states the facts.

*Gustave Cook*, for the plaintiff in error.

*Gray & Botts*, for the defendants in error.

Walker, J.—The motion to dismiss the appeal is overruled. The action on the original petition could not be maintained.

And on the new cause of action set up in the amended petition, it was error to render a judgment by default without service of copy or citation.

The judgment of the district court is reversed, and the cause remanded.

Reversed and remanded.